**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Juan MUNOZ–ALARCON,
Defendant–Appellant.**

No. 05–40274.

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided Dec. 7, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM: *

Juan Munoz–Alarcon ("Munoz") challenges his sentence following a guilty plea to illegal reentry following deportation in violation of 8 U.S.C. § 1326(b). Munoz argues that the district court plainly erred by enhancing his sentence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on a Texas conviction for aggravated assault. Munoz contends that the enhancement is

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

improper because Texas law provides that a conviction for aggravated assault may be based on conduct that is merely reckless. As the United States Sentencing Commission has identified aggravated assault as a "crime of violence" for purposes of § 2L1.2(b)(1)(A), the district court did not commit error, plain or otherwise, by imposing the sentence enhancement. U.S.S.G. § 2L1.2., comment. (n.1(b)(iii)); *see United States v. Izaguirre–Flores,* 405 F.3d 270, 275 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 253, —— L.Ed.2d —— (2005); *see also United States v. Rayo–Valdez,* 302 F.3d 314, 317 (5th Cir.2002).

Munoz's contention that *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), should be interpreted to overrule *Almendarez–Torres v. United States,* 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), is foreclosed by existing circuit precedent; however, Munoz raises the issue to preserve it for Supreme Court review. *Apprendi* did not overrule *Almendarez–Torres. See Apprendi,* 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). We must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit,* 231 F.3d at 984 (internal quotation marks and citation omitted).

AFFIRMED.